IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RANDALL DANJANOVICH,<br><br>Plaintiff,<br><br><br><br><br><br><br><br>vs.<br><br><br>TEK FOUNDATION, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT TEK FOUNDATION'S MOTION FOR LEAVE TO AMEND, GRANTING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS, DENYING AS MOOT DEFENDANT TEK FOUNDATION'S MOTION TO EXPEDITE HEARING, AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY AGAINST TEK FOUNDATION<br><br><br><br><br>Case No. 2:04-CV-623 TS |

     This matter comes before the Court on a number of related motions.  On July 29, 2005, Plaintiff filed a Motion for Summary Judgment against TEK Foundation.[1]  That Motion was largely based on facts that had been admitted by TEK by its failure to respond to Plaintiff's

---

[1] Docket No. 68.

1


requests for admissions.[2]  Defendant TEK foundation—in its Memorandum in Opposition to Plaintiff's Motion for Summary Judgment Against Defendant TEK Foundation[3]—recognized these admissions and stated that "defendant intends to immediately seek an order of the Court amending its Admissions of Fact under Rule 36 of the Federal Rules of Procedure."[4]  Defendant TEK Foundation failed to immediately do so and instead waited until after Plaintiff's Motion for Summary Judgment was fully briefed to file its Motion for Leave to Amend.[5]  They did so just one week before the Court was to hear arguments on that Motion.  In total, Defendant TEK Foundation waited fourteen weeks to amend these admissions.

### I.  DISCUSSION

A.  DEFENDANT TEK FOUNDATION'S MOTION FOR LEAVE TO AMEND

Defendant TEK Foundation has now moved to amend its responses to Plaintiff's requests for admissions.  "The court may permit such withdrawal or amendment 'when (1) the presentation of the merits of the action will be subserved thereby and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'"[6]

The Court finds that both of these elements have been met here.  First, the presentation of the merits of the action will be subserved by allowing TEK to amend its responses.  Second,

---

[2] *See* Fed.R.Civ.P. 36(a).

[3] Docket No. 90  (filed on September 14, 2005).

[4] *Id*. at n.1.

[5] Docket No. 110.

[6] *Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005) (quoting Fed. R. Civ. P. 36(b)).

Plaintiff has stated that he does not oppose the Motion. Therefore, Plaintiff will not be prejudiced by allowing TEK to amend its admissions. As a result, the Court will grant Defendant TEK Foundation's Motion for Leave to Amend Defendant's Responses to Plaintiff's First Requests for Admission. Since the Court is granting Defendant's Motion, the Court finds that Plaintiff's Motion for Expedited Consideration or in Alternative to Continue Hearing,[7] is moot and will be dismissed as such.

B.  MOTION FOR ATTORNEY'S FEES AND COSTS

As noted above, Plaintiff did not oppose Defendant's Motion for Leave to Amend. Plaintiff did, however, seek attorney's fees and costs associated with preparing his Motion for Summary Judgment against TEK Foundation, and the fees and costs associated with responding to TEK Foundation's Motion to Amend and Motion for Expedited Consideration. Plaintiff has provided an affidavit setting out those expenses, which total $2,100.

The Tenth Circuit has stated that "sanctions may well be appropriate" when a litigant ignores deadlines established by the applicable rules.[8] Since Defendant TEK Foundation waited so long to amend these admissions, the Court will allow it to amend these admissions. But the Court will also grant Plaintiff's request for attorney's fees and costs and directs Defendant TEK Foundation to pay fees and costs in the amount of $2,100.

---

[7] Docket No. 112.

[8] *Raiser*, 409 F.3d at 1246.

C.  PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST TEK FOUNDATION

Since Plaintiff's Motion for Summary Judgment against TEK Foundation was largely based on these admissions, the Court will deny that Motion without prejudice to the re-filing of the Motion, taking into consideration the amended admissions.

II.  CONCLUSION

It is hereby

ORDERED that Defendant TEK Foundation's Motion for Leave to Amend Defendant's Responses to Plaintiff's First Requests for Admissions (Docket No. 110) is GRANTED.  It is further

ORDERED that Defendant TEK Foundation's Motion for Expedited Consideration or in Alternative to Continue Hearing (Docket No. 112) is DENIED AS MOOT.  It is further

ORDERED that Defendant TEK Foundation pay Plaintiff attorney's fees and costs in the amount of $2,100.  It is further

ORDERED that Plaintiff's Motion for Summary Judgment Against TEK Foundation (Docket No. 68) is DENIED WITHOUT PREJUDICE to the re-filing of the Motion in light of the amended admissions.

DATED   October 27, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge