IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RANDALL DANJANOVICH,<br><br>    Plaintiff,<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>    vs.<br><br>THOMAS ROBBINS, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DENYING DEFENDANTS' MOTION TO VACATE ORDERS OR IN ALTERNATIVE HOLD ORDERS IN ABEYANCE, DENYING PLAINTIFF'S MOTION FOR AN ORDER (i) RENDERING A JUDGMENT OF DEFAULT AGAINST TEK CORP. AND (ii) ADJUDGING TEK FOUNDATION AND TEK CORP. IN CIVIL CONTEMPT OF COURT, AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION (i) TO STRIKE THE AFFIDAVIT OF SCOTT ALDER AND (ii) TO EXCLUDE SCOTT ALDER FROM TESTIFYING AT TRIAL<br><br>Case No. 2:04-CV-623 TS |

I.  DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING AND LACK OF SUBJECT MATTER JURISDICTION AND/OR MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants TEK Corporation ("Corp."), TEK Foundation ("Foundation"), Clair Cox ("C. Cox"), Roger Cox, and Douglas Litster (collectively "TEK Defendants") have filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction or, alternatively, a Motion for Summary Judgment.  Plaintiff opposes that Motion and has filed a Motion for Partial Summary Judgment of his own.

A.   TEK DEFENDANTS' MOTION TO DISMISS

TEK Defendants argue that they did not offer for sale or sell any security to Plaintiff and, as a result, this Court lacks subject matter jurisdiction.

"As a general rule, Rule 12(b)(1) motions to dismiss for lack of jurisdiction take one of two forms: (1) facial attacks; and (2) factual attacks."[1]  "Under a facial attack, the movant merely challenges the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true."[2]  "In a factual attack . . . , however, the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends."[3]  "However, 'a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the

---

[1] *Paper, Allied-Industrial, Chemical and Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005).

[2] *Id.*

[3] *Id.*

jurisdictional question is intertwined with the merits of the case.'"[4]  "[T]he underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim."[5]

Here, the jurisdictional question is intertwined with the merits of the case.  Resolution of the jurisdictional question requires the resolution of an aspect of Plaintiff's first and second causes of action.  Therefore, the Court will convert the TEK Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction into one for partial summary judgment.  Plaintiff has also filed a Motion for Partial Summary Judgment.

B.     CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[6]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[7]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[8]

---

[4] *Id*. (quoting *Holt v. United States* , 46 F.3d 1000, 1003 (10th Cir. 1995)).

[5] *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000).

[6] Fed.R.Civ.P. 56(c).

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[8] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986);  *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

Both parties have filed cross-motions for partial summary judgment. Both parties claim that they are entitled to summary judgment on Plaintiff's first and second claims for relief,[9] which arise under the federal securities laws. The TEK Defendants argue that Plaintiff was never sold a security, but merely loaned Scott Alder $197,000. Plaintiff responds by arguing that this was not a loan, but that he was sold a security by Defendants. Both parties have presented evidence to support their positions. After considering the materials in the file, the Court finds that genuine issues of material fact exist which prevent the Court from granting summary judgment to either party. Therefore, Defendants' Motion to Dismiss for Lack of Standing and Lack of Subject Matter Jurisdiction and/or Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment are denied.

II. TEK DEFENDANTS' MOTION TO VACATE ORDERS OR IN ALTERNATIVE HOLD ORDERS IN ABEYANCE AND PLAINTIFF'S MOTION FOR AN ORDER (i) RENDERING A JUDGMENT OF DEFAULT AGAINST TEK CORP. AND (ii) ADJUDGING TEK FOUNDATION AND TEK CORP. IN CIVIL CONTEMPT OF COURT

On October 27, 2005, the Court ordered TEK Foundation to pay Plaintiff $2,100 in attorneys' fees and costs associated with preparing his Motion for Summary Judgment and the fees and costs associated with TEK Foundation's Motion to Amend. The Court entered its Order because TEK Foundation failed to respond to Plaintiff's request for admissions and waited fourteen weeks before it sought to amend these admissions. TEK Foundation failed to comply with that Order and on December 15, 2005, the Court ordered TEK Foundation to remit the $2,100 to Plaintiff by January 3, 2006. On December 15, 2005, the Court also ordered TEK Corp. to pay Plaintiff $375 in attorneys' fees and costs associated with bringing a Motion to

---

[9]The TEK Defendants' Motion does not challenge Plaintiff's remaining causes of action based on state law.

Compel.  The Court ordered that this amount be paid by December 19, 2005.  Neither TEK Foundation nor TEK Corp. has complied with these orders.  Rather, the TEK Defendants filed a Motion to Vacate these Orders or, in the alternative, hold them in abeyance until the Court ruled on TEK Defendants' Motion to Dismiss.

The Court, having now denied the Motion to Dismiss, will not hold these Orders in abeyance.  Nor will the Court vacate them.  Therefore, Defendants' Motion to Vacate Orders or in Alternative Hold Orders in Abeyance is denied.

Plaintiff seeks an Order rendering a judgment of default against TEK Corp.  Federal Rule of Civil Procedure 37(b)(2)(C) permits a court to "render[] a judgment by default against the disobedient party" "[i]f a party . . . fails to obey an order to provide or permit discovery."  Courts are required to consider a number of factors when choosing the proper sanction, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[10]

Considering these factors, the Court finds that an order rendering default judgment against TEK Corp. is not the appropriate sanction at this time.  In particular, the Court believes that lesser sanctions will be sufficient.  The Court will reiterate its previous order that TEK Corp. pay Plaintiff $375.  This must be done within ten (10) days of this order.  Failure to do so will result in the Court entering an order adjudging TEK Corp. in civil contempt as well as other sanctions, up to an including an order rendering default judgment against TEK Corp.

---

[10] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

Plaintiff is also seeking an order adjudging TEK Corp. and TEK Foundation in contempt. At this time, the Court will not hold TEK Corp. and TEK Foundation in contempt. The Court orders TEK Foundation to pay Plaintiff $2,100, within ten (10) days from the date of this order and, as noted above, orders TEK Corp. to pay $375 within ten (10) days from the date of this order. Failure to do so will result in the Court entering an order holding TEK Foundation and TEK Corp. in civil contempt as well as other sanctions, up to and including an order of default judgment against TEK Foundation and TEK Corp.

### III. PLAINTIFF'S MOTION (i) TO STRIKE THE AFFIDAVIT OF SCOTT ALDER AND (ii) TO EXCLUDE SCOTT ALDER FROM TESTIFYING AT TRIAL

Scott Alder is one of the named defendants in this matter. During discovery, Plaintiff served a Notice of Deposition of Scott Alder. Mr. Alder failed to attend his deposition as scheduled. The TEK Defendants have filed the Affidavit of Scott Alder with their Motion to Dismiss. Plaintiff seeks to strike this Affidavit and seeks to have Mr. Alder excluded from testifying at trial because of his failure to appear at his deposition.

Federal Rule of Civil Procedure 37(d) states that if a party fails to appear for his deposition, after being served with proper notice, the Court may make such orders as are just in regard to the failure. Among the actions the Court may take, the Court may impose those sanctions outlined in subparagraphs (A), (B), and (C) or Rule 37(b)(2).

Pursuant to these provisions, the Court will strike the Affidavit of Scott Alder. The Court, however, will not exclude Mr. Alder from testifying at trial, at this point. The Court directs Mr. Alder to make himself available for a deposition within thirty (30) days. If Mr. Alder fails to appear at his deposition again, the Court will enter an order excluding him from testifying at trial. Therefore, Plaintiff's Motion is granted in part and denied in part.

## IV.  CONCLUSION AND ORDER

It is therefore

ORDERED that TEK Defendants' Motion to Dismiss for Lack of Standing and Lack of Subject Matter Jurisdiction and/or Motion for Summary Judgment (Docket No. 153) is DENIED. It is further

ORDERED that Plaintiff's Motion for Partial Summary Judgment (Docket No. 166) is DENIED.  It is further

ORDERED that Plaintiff's Motion to Vacate Orders or in Alternative Hold Orders in Abeyance (Docket No. 160) is DENIED.  TEK Foundation is hereby ordered to pay Plaintiff $2,100, within ten (10) days from the date of this order and TEK Corp. is hereby ordered to pay $375 within ten (10) days from the date of this order.  Failure to do so will result in the Court entering an order finding TEK Foundation and TEK Corp. in civil contempt and imposing other sanctions, up to an including entering an order of default judgment against TEK Foundation and TEK Corp.  It is further

ORDERED that Plaintiff's Motion for an Order (i) Rendering a Judgment of Default Against TEK Corp. and (ii) Adjudging TEK Foundation and TEK Corp. in Civil Contempt of Court (Docket No. 173) is DENIED.  It is further

ORDERED that Plaintiff's Motion (i) to Strike the Affidavit of Scott Alder and (ii) to Exclude Scott Alder from Testifying at Trial (Docket No. 158) is GRANTED IN PART AND DENIED IN PART. It is further

ORDERED that the Affidavit of Scott Alder is STRICKEN.  It is further

ORDERED that Scott Alder make himself available to be deposed within thirty (30) days of this Order.  It is further

ORDERED that a two-day bench trial is set for May 16, 2006, with a final pretrial conference on May 3, 2006, at 3:00 p.m.

DATED   March 27, 2006.

>BY THE COURT:

>_____
>TED STEWART
>United States District Judge