IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RANDALL DANJANOVICH,<br><br>　　Plaintiff,<br><br><br><br><br><br><br><br>　　vs.<br><br><br><br>THOMAS ROBBINS, et al.,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE SCOTT ALDER FROM TESTIFYING AT TRIAL AND GRANTING IN PART PLAINTIFF'S MOTION IN LIMINE (I) TO PRECLUDE DEFENDANT'S TESTIMONY ON CERTAIN ISSUES AND (II) FOR DRAWING ADVERSE INFERENCE<br><br><br><br>Case No. 2:04-CV-623 TS |

　　This matter comes before the Court on two pretrial Motions filed by Plaintiff. Trial is scheduled to begin in this matter on May 23, 2006. Plaintiff has filed the following Motions: (1) Plaintiff's Request for Entry of Order Excluding Scott Alder from Testifying at Trial; and (2) Plaintiff's Motion in Limine (I) to Preclude Defendant's Testimony on Certain Issues and (II) for Drawing of Adverse Inference. Defendants have indicated that they will not oppose these Motions. Therefore, the Court, for the reasons discussed below, will grant both Motions.

1

## I. PLAINTIFF'S REQUEST FOR ENTRY OR ORDER EXCLUDING SCOTT ALDER FROM TESTIFYING AT TRIAL

Plaintiff has requested an order excluding Scott Alder from testifying at trial pursuant to the Court's Memorandum Decision of March 27, 2006.[1]  Defendants do not oppose Plaintiff's Motion and state that Mr. Alder will not be testifying at trial.  The Court will grant the Motion.

During discovery, Plaintiff served Defendant Scott Alder with a Notice of Deposition.  Mr. Alder failed to attend his deposition.  On December 21, 2005, Plaintiff sought an order to exclude him from trial.[2]  The Court, in its March 27, 2006 Order, denied that Motion, but stated that Mr. Alder was to make himself available for a deposition within 30 days from that Order.  If he failed to appear at that deposition, the Court warned that it would enter an order excluding him from trial.

Plaintiff served Mr. Alder with a Second Notice of Deposition of Scott Alder.  The deposition was scheduled for April 25, 2006, at 1:00 p.m. at the offices of Plaintiff's counsel.[3]  On that date and time, Mr. Alder failed to appear at his scheduled deposition.[4]

Mr. Alder failed to appear at his first deposition.  The Court gave Mr. Alder a second opportunity, but noted that if he failed to appear that he would not be able to testify at trial.  A second deposition was scheduled and Mr. Alder failed to appear.  Based on the Court's previous Order, Defendant Alder is excluded from testifying at trial.  Such an order is in compliance with

---

[1] Docket No. 190.

[2] Docket No. 158.

[3] Docket No. 194.

[4] It appears from the Motion that Mr. Alder's non-appearance was intentional and was apparently done based on the advice of his counsel.  *See* Docket No. 207, Exhibit B.

2

Fed.R.Civ.P. 37(d), which allows a Court to make such orders as are just with regard to a parties' failure to attend their own deposition, including any action authorized in Fed.R.Civ.P. 37(b)(A), (B), and (C). Rule 37(b)(B) allows the Court to enter an order "prohibiting [the offending] party from introducing designated matters in evidence." Therefore, Mr. Alder will not be allowed to testify at trial.

## II.  PLAINTIFF'S MOTION IN LIMINE

Plaintiff's Motion in Limine seeks to preclude Defendant Clair Cox from testifying on certain issues and seeks to have a negative inference drawn as to issues for which Defendant Cox invoked the Fifth Amendment during his deposition. Defendants have stated that they will not oppose this Motion.

During his deposition, Mr. Cox invoked the Fifth Amendment on a number of occasions and declined to answer a number of questions, which Plaintiff alleges are critical to this case. Plaintiff argues that Mr. Cox, having failed to answer these questions during his deposition, should not be allowed to testify on these matters at trial. Further, Plaintiff asks the Court to draw an adverse inference at trial against Mr. Cox on those questions which he refused to answer on Fifth Amendment grounds.

Mr. Cox "unquestionably may assert a Fifth Amendment privilege in this civil case and refuse to reveal information properly subject to the privilege . . . in which event [he] may have to accept certain bad consequences that flow from that action"[5] Asserting the Fifth Amendment may lead to adverse consequences, including preclusion of testimony or drawing of an adverse

---

[5]*Mid-America's Process Service v. Ellison*, 767 F.2d 684, 686 (10th Cir. 1985).

3

inference by the trier of fact.[6] The Supreme Court has held that drawing an adverse inference even from a party's legitimate assertion of the privilege against self-incrimination in a civil case does not render assertion of the privilege unconstitutionally costly.[7]

A number of courts have recognized the problems involved when the Fifth Amendment is invoked during discovery. The Third Circuit has stated:

> In a civil trial, a party's invocation of the privilege may be proper, but it does not take place in a vacuum; the rights of the other litigant are entitled to consideration as well. One of the situations in which that concern comes into play arises when one party invokes the Fifth Amendment during discovery, but on the eve of trial changes his mind and decides to waive the privilege. At that stage, the adverse party—having conducted discovery and prepared the case without the benefit of knowing the content of the privileged matter—would be placed at a disadvantage. The opportunity to combat the newly available testimony might no longer exist, a new investigation could be required, and orderly trial preparation could be disrupted. In such circumstances, the belated waiver of the privilege could be unfair.[8]

A number of courts have prevented parties who invoke their Fifth Amendment privilege during discovery from testifying on those matters at trial. In *Gutierrez-Rodriguez v. Cartagena*,[9] the First Circuit stated that "[a] defendant may not use the fifth amendment to shield herself from the opposition's inquiries during discovery only to impale her accusers with surprise testimony at trial."[10] There, the court upheld a district court ruling precluding the defendant from testifying,

---

[6] *Id*. *See also SEC v. Thomas*, 116 F.R.D. 230, 234 (D. Utah 1987).

[7] *Baxter v. Palmigiano*, 425 U.S. 308, 319 (1976).

[8] *SEC v. Graystone Nash, Inc.*, 25 F.3d 187, 191 (3d Cir. 1994).

[9] 882 F.3d 553 (1st Cir. 1989).

[10] *Id*. at 557.

because she had refused to answer questions during discovery. In *Traficant v. Commissioner*,[11] the Sixth Circuit upheld a trial court's order barring the defendant from introducing certain evidence because he had invoked the Fifth Amendment and had refused to respond to discovery on those issues.[12] One court has stated that it "would not tolerate nor indulge a practice whereby a defendant by asserting the privilege against self-incrimination during pre-trial examination and then voluntarily waiving the privilege at the main trial surprised or prejudiced the opposing party."[13]

A court must carefully balance the interests of the parties in deciding whether to prevent a party from testifying about matters about which they had previously invoked the Fifth Amendment. The Third Circuit has stated that "the detriment to the party asserting [the privilege] should be no more than is necessary to prevent unfair and unnecessary prejudice to the other side."[14] Having considered these interests, the Court finds that Mr. Cox will not be allowed to testify at trial concerning matters for which he invoked the Fifth Amendment during discovery.

Plaintiff also seeks to have the Court draw an adverse inference based on Mr. Cox invoking the Fifth Amendment. As noted above, the Supreme Court has held that drawing an adverse inference even from a party's legitimate assertion of the privilege against self-

---

[11] 884 F.2d 258 (6th Cir. 1989).

[12] *Id*. at 265.

[13] *United States v. Sixty Thousand Dollars in United States Currency*, 763 F.Supp. 909, 914 (E.D. Mich. 1991).

[14] *Graystone*, 25 F.3d at 192.

incrimination in a civil case does not render assertion of the privilege unconstitutionally costly.[15] The Utah Supreme Court has expounded upon this notion:

> Before allowing an adverse inference to be drawn against the defendant at trial, the plaintiff would have to introduce evidence that connects the defendant to the plaintiff's claim for relief. That evidence must be independent of the inference arising from the defendant's invoking the privilege. The adverse inference that arises from invoking the privilege may then be considered along with any other evidence by the trier of fact when reaching a decision; but the inference is not enough, by itself, to sustain a judgment against the defendant without some other evidence."[16]

Thus, the Court will consider whether to draw an adverse inference based on Defendant Cox's invocation of his Fifth Amendment privilege during the course of the trial. If Plaintiff can present evidence which connects Defendant Cox to his claim for relief, then the Court may impose an adverse inference. This adverse inference can then be considered, along with all the other evidence, in reaching a decision in this case.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Request for Entry of Order Excluding Scott Alder from Testifying at Trial Pursuant to the Court's Memorandum Decision Dated March 27, 2006 (Docket No. 207) is GRANTED. It is further

ORDERED that Plaintiff's Motion in Limine (I) to Preclude Defendant's Testimony on Certain Issues and (II) for Drawing Adverse Inference (Docket No. 200) is GRANTED IN PART.

---

[15] *Baxter*, 425 U.S. at 319.

[16] *First Fed. Savings & Loan Ass'n of Salt Lake City v. Schamanek*, 684 P.2d 1257, 1267–68 (Utah 1984).

DATED   May 15, 2006.

                                        BY THE COURT:

                                        _____

                                        TED STEWART
                                        United States District Judge