IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RANDALL DANJANOVICH,<br><br>Plaintiff,<br><br><br><br><br>vs.<br><br>THOMAS ROBBINS, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER FINDING DEFENDANTS TEK CORP. AND TEK FOUNDATION IN CIVIL CONTEMPT AND ENTERING DEFAULT JUDGMENT<br><br><br><br><br><br>Case No. 2:04-CV-623 TS |

This matter comes before the Court on two pretrial Motions filed by Plaintiff which request that Defendant TEK Corp. ("Corp.") and TEK Foundation ("Foundation") be held in contempt and have default judgment entered against them. For the reasons discussed below, the Court will hold Defendants Corp. and Foundation in civil contempt, and will strike their answers and enter default judgment against them.

I. BACKGROUND

Plaintiff has filed the following Motions: (1) Plaintiff's Request for (I) Order Holding TEK Corp. and TEK Foundation in Civil Contempt and (II) For Entry of Default Judgment Against TEK Corp. and TEK Foundation Pursuant to Court's Memorandum Decision Dated

1

March 27, 2006; and (2) Plaintiff's Renewed Motion for Order (I) Holding TEK Corp. in

Contempt (II) Rendering a Judgment of Default Against TEK Corp., and (III) Imposing Attorney

Fees and Other Sanctions for Failure to Respond to Plaintiff's Discovery Requests.

A.      THE COURT'S ORDERS ON FEES & COSTS

      On October 27, 2005, the Court ordered Foundation to pay $2,100 in attorneys' fees and

costs in connection with Plaintiff's Motion for Summary Judgment.[1]  Plaintiff's summary

judgment motion was based on Foundation's failure to respond to requests for admissions.  The

Court denied Plaintiff's Motion for Summary Judgment and allowed Foundation to amend its

admissions.  But the Court required Foundation to pay Plaintiff $2,100 in fees and costs in

preparing the summary judgment motion.  Foundation failed to pay that amount.

      On December 15, 2005, the Court ordered Foundation to pay the $2,100 by January 3,

2006.[2]  Foundation again failed to pay.  Also on December 15, 2005, the Court ordered Corp. to

Pay $375 in attorneys' fees and costs associated with bringing a motion to compel,[3] discussed

below.  Corp. failed to pay that amount.

      In its March 27, 2006 Order, [4] the Court ordered both Foundation and Corp. to pay the

amounts owed to Plaintiff—totaling $2,475—within 10 days.  The Court noted in its Order that

failure to pay these amounts within 10 days would result in an order holding Foundation and

Corp. in contempt as well as other possible sanctions, up to and including an order entering

---

[1]Docket No. 131.

[2]Docket No. 151.

[3]*Id*.

[4]Docket No. 190

default judgment.[5]  As of May 15, 2006, Foundation and Corp. have not paid the amounts ordered by the Court.  Defendants Foundation and Corp. have alleged that they are unable to pay these amounts as ordered.

B.     THE COURT'S DISCOVERY ORDERS

On November 16, 2005, Plaintiff filed a Motion to Compel seeking to compel Defendant Corp. to respond to Plaintiff's interrogatories and requests for production.  The Motion also sought attorneys' fees related to bringing that Motion.  At the December 15, 2005 hearing, the Court granted the Motion to Compel and awarded Plaintiff $375 in attorneys' fees.  The Court directed Corp. to comply with Plaintiff's discovery requests within 5 days.

On December 19, 2005, Corp. provided Plaintiff its Answers and Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents.  Plaintiff states that many answers were incomplete and that Corp. failed to produce requested documents.  On April 18, 2006, Corp. provided Supplemental Answers and Responses to Plaintiff's First Set of Interrogatories, and Request for Production of Documents.  Plaintiff states that this supplement was also deficient.  Particularly, Plaintiff states that Corp. has failed to produce certain requested documents, including an investor list.  Defendants dispute that their Answers and Responses are incomplete.[6]  Defendants further state that the investor list which Plaintiff seeks is confidential and is irrelevant to this litigation.  Plaintiff replies by stating that while Defendants focus on the

---

[5]*Id*.

[6]Defendants have apparently attempted to provide their discovery responses as Exhibits to their Memorandum in Opposition, but these exhibits were not attached.  *See* Docket No. 215, Exhibits A–E.

investor list, that they have also failed to comply with a number of other discovery requests. Plaintiff has listed ten items of discovery which Defendants have not adequately responded to.[7]

## II.  DISCUSSION

Plaintiff seeks an order holding Defendants Corp. and Foundation in contempt and rendering a judgment of default against them as a result of their failure to pay the amounts ordered by the Court, and for failure to comply with the Court's discovery orders.

Federal Rule of Civil Procedure 37(b)(2)(C) permits a court to "render[] a judgment by default against the disobedient party" "[i]f a party . . . fails to obey an order to provide or permit discovery."  Courts are required to consider a number of factors when choosing the proper sanction, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[8]

### A.    CIVIL CONTEMPT

As noted above, the Court has repeatedly ordered Defendants Corp. and Foundation to pay the amounts previously ordered by the Court.  In its March 27, 2006 Order, the Court warned that failure to pay these amounts within 10 days would result in an order holding Defendants Corp. and Foundation in civil contempt as well as other sanctions, up to and including default judgment.  As a result of Defendants Corp. and Foundation's repeated failure to comply with the Court's Orders, and the Court's warning that Defendants would be held in contempt if they

---

[7]*See* Docket No. 217, at 3–4.

[8]*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

continued to disregard those Orders, the Court will hold Defendants Corp. and Foundation in civil contempt.

B.      DEFAULT JUDGMENT

While the Court will hold Defendants Corp. and Foundation in contempt, the Court finds that this sanction alone is insufficient.  Considering the factors listed above, the Court finds that an order of default judgment is necessary and appropriate in this case.  Because of Defendants' continual and willful disregard of this Court's Orders, an order entering default judgment is the only viable option before the Court.  The Court makes this determination after careful consideration of the *Ehrenhaus* factors.

First, Plaintiff has been prejudiced by Defendants' actions.  Because of Defendant Corp.'s failure to comply with Plaintiff's discovery requests, as ordered by the Court, Plaintiff has been unable to adequately prepare for trial and has been unable to fully address Defendants' claims.  With trial approximately one week away, Plaintiff has still not received all requested discovery items from Defendants.[9]  Because of these repeated failures, Plaintiff has been significantly prejudiced.

Second, Defendants have interfered with the judicial process.  As the Court has noted in its previous orders, Defendants have repeatedly failed to comply with this Court's orders as well as Plaintiff's discovery requests.  Defendants have shown great disrespect for the judicial process by failing to comply with these Orders.  Despite repeated orders to pay the amounts previously ordered as well as provide Plaintiff with discovery, Defendants have failed to do so.  The Court finds that the history of Defendants' behavior clearly demonstrates that there is nothing it can do,

---

[9]*See* Docket No. 217, at 3–4.

5

short of entering default judgment against Defendants Corp. and Foundation, which would force them into compliance. Defendants have been given every opportunity to comply with the Court's Orders and have failed to do so. Therefore, the Court believes that default is the only viable option remaining.

Third, Defendants are extremely culpable. As noted, the Court has given Defendants every opportunity to comply with the Court's Orders and they have repeatedly failed to do so. Defendants have alleged that they are unable to pay the amounts ordered by the Court, but the Court finds this unbelievable. Morever, Defendant Corp. has failed to explain why it has failed to provide Plaintiff with the requested discovery items, other than the investor list. The Court finds that Defendants' actions are both willful and intentional, and that their behavior shows they are extremely culpable.

Fourth, the Court has put Defendants on notice that failure to comply with its Orders would result in sanctions, up to and including default judgment being entered. The Court's March 27, 2006 Order, made it clear that if Defendants failed to pay these amounts within 10 days they would be held in contempt and further sanctions, up to and including default judgment, would be considered. Therefore, Defendants have been on notice that default judgment was a possibility.

Finally, the Court finds that lesser sanctions would not achieve anything and have already been attempted here. Defendants have continually failed to comply with the Court's orders to pay the amounts owed to Plaintiff and have failed to comply with the Court's discovery orders. As noted, the Court has given Defendants ample opportunity to comply with its orders without facing sanctions and Defendants have continually failed to do so. The Court believes that nothing short of default will work in this situation. If the Court were to merely hold Defendants

Corp. and Foundation in contempt and order further monetary penalties, the Court is convinced that Defendants would ignore those sanctions, just as they have ignored the Court's previous Orders.  Therefore, the Court will hold Defendants Corp. and Foundation in civil contempt, and will strike their answers and enter default judgment against them.  The Court also orders Defendants Corp. and Foundation to pay Plaintiff $500 in additional attorneys' fees and costs associated with bringing these Motions.

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Request for (I) Order Holding TEK Corp. and TEK Foundation in Civil Contempt and (II) For Entry of Default Judgment Against TEK Corp. and TEK Foundation Pursuant to Court's Memorandum Decision Dated March 27, 2006 (Docket No. 202) is GRANTED.  It is further

ORDERED that Plaintiff's Renewed Motion for Order (I) Holding TEK Corp. in Contempt (II) Rendering a Judgment of Default Against TEK Corp., and (III) Imposing Attorney Fees and Other Sanctions for Failure to Respond to Plaintiff's Discovery Requests (Docket No. 204) is GRANTED.  It is further

ORDERED that the Answer of Defendants TEK Corp. and TEK Foundation (Docket No. 83) is STRICKEN as to them.  It is further

ORDERED that default judgment is entered against Defendants TEK Corp. and TEK Foundation.  It is further

ORDERED that Defendants Corp. and Foundation to pay Plaintiff $500 in attorneys' fees and costs.

DATED   May 15, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge