IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RANDALL DANJANOVICH,<br><br>　　Plaintiff,<br><br><br><br>vs.<br><br><br><br>THOMAS ROBBINS, et al.,<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE REGARDING ADMITTED MATTERS<br><br><br><br><br><br>Case No. 2:04-CV-623 TS |

　　This matter is before the Court on Plaintiff's Motion in Limine Regarding Admitted Matters. Plaintiff filed his Motion on May 16, 2006, and Defendants responded on May 21, 2006. Trial is scheduled to begin in this case on May 23, 2006. For the reasons set out fully below, the Court will grant in part and deny in part Plaintiff's Motion in Limine.

　　Plaintiff's Motion in Limine seeks the following relief. First, Plaintiff seeks an order that Defendants Clair Cox, Douglas Litster, and Roger Cox "possessed, directly or indirectly, the power to direct or cause the direction of the management and policies of TEK Foundation and TEK Corp."

1

In Plaintiff's Amended Complaint,[1] he states: "The Individual Defendants possessed, directly or indirectly, the power to direct or cause the direction of the management and policies of TEK Foundation and TEK Corp.. [sic]"[2]  In their Answer, Defendants state: "Defendants admit the allegations of paragraph 54, but deny that it makes them liable to the plaintiff for his falsely alleged investment(s)."[3]

Defendants now attempt to point out various inaccuracies with their admission.  Now is not the time to make these corrections.  Rather, Defendants should have denied the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint in their Answer, by making the arguments they are making now.  Instead, Defendants chose to admit those allegations.  The Court will not allow Defendants to retract their admissions on the eve of trial.  In making this determination, the Court takes into consideration the unfairness that would result if the Court were to allow Defendants to amend the admissions contained in their Answer at this late stage.  Plaintiff asserts that, as a result of these admissions, he did not take the deposition of Roger Cox and did not conduct additional discovery relating to the control person issue.  For these reasons, the Court will grant Plaintiff's Motion in Limine on this ground.

Second, Plaintiff seeks an order, pursuant to Rule 36(b), that matters contained in Plaintiff's August 31, 2005 Requests for Admission to TEK Corp. are conclusively established, because TEK Corp. failed to file timely responses and did not seek leave to withdraw or amend these admissions.

---

[1] Docket No. 64.

[2] *Id*. ¶ 54.

[3] Docket No. 83, ¶ 54.

On August 31, 2005, Plaintiff served his Requests for Admission to TEK Corp. Defendant TEK Corp.'s failure to respond to Plaintiff's Requests for Admissions was the subject of a Motion to Compel.[4] On December 19, 2005, the Court granted Plaintiff's Motion to Compel and ordered TEK Corp. to respond to Plaintiff's discovery requests by December 19, 2005,[5] which they did, at least in part.

Plaintiff argues that these matters have been admitted by TEK Corp. and have been conclusively established by their failure to respond in a timely fashion[6] and because TEK Corp. has not sought to amend or withdraw its admissions. The Court has the discretion to permit TEK Corp. to withdraw or amend these admissions.[7] "The court may permit such withdrawal or amendment 'when (1) the presentation of the merits of the action will be subserved thereby and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'"[8] Under this analysis, the Court will allow TEK Corp. to amend its admissions. Further, the Court agrees with Defendants that granting Plaintiff's Motion under these circumstances would be inequitable. Plaintiff chose to seek a Motion to Compel, rather than having these matter conclusively established against Defendant TEK Corp. as a result of their failure to respond in a timely

---

[4]Docket No. 141.

[5]Docket No. 151.

[6]Fed.R.Civ.P. 36(b).

[7]*Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005).

[8]*Id*. (quoting Fed.R.Civ.P. 36(b)).

manner.  Plaintiff cannot now seek an order under Rule 36(b).  Therefore, Plaintiff's Motion is denied on this ground.

It is therefore

ORDERED that Plaintiff's Motion in Limine Regarding Admitted Matters (Docket No. 227) is GRANTED IN PART AND DENIED IN PART.

Plaintiff's request for an Order that Clair Cox, Douglas Litster, and Roger Cox "possessed, directly or indirectly, the power to direct or cause the direction of the management and policies of TEK Foundation and TEK Corp" is GRANTED.

Plaintiff's request for an Order, pursuant to Rule 36(b), that the matters contained in Plaintiff's August 31, 2006 Requests for Admissions to TEK Corp. are "conclusively established" is DENIED.

DATED   May 22, 2006.

                                BY THE COURT:

                                _____
                                TED STEWART
                                United States District Judge