IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RANDALL DANJANOVICH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TEK CORP, et al.,<br><br>Defendants. | MEMORANDUM DECISION DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME IN WHICH TO FILE NOTICE OF APPEAL<br><br><br>Case No. 2:04-cv-623 TS |

On Aug. 4, 2006, judgment was entered against Defendants.[1] Pursuant to Fed. R. App. P. 3 and 4(a)(1), Defendants were required to file any notice of appeal to this Court by Sept. 3, 2006. Defendants failed to do so. On September 5, 2006, Defendants filed a Motion for Extension of Time to File Notice of Appeal under Fed. R. App. P. 5(A).[2] Defendants argue that their efforts to obtain funding to satisfy the Aug. 4, 2006 judgment against them, along with

---

[1] Docket No. 256.

[2] Docket No. 259.

corresponding bank activity which is beyond their control, constitute either good cause or excusable neglect for not timely filing the notice of appeal.

Fed. R. App. P. 5(A) provides that the district court may extend the time to file a notice of appeal upon a party's showing of excusable neglect or good cause.[3] "'Good cause comes into play in situations in which there is not fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.'"[4] While Defendants' ability to obtain funding to satisfy judgment may or may not be within its control, this matter has nothing to do with Defendants' ability to file notice of appeal. Rather, it appears as though Defendants are arguing that they have not yet decided whether to appeal, as that decision is contingent upon whether they are able to satisfy the current judgment against them. This is not good cause for extension.[5]

Defendants' argument as to excusable neglect also fails. "Whether a party's neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"[6] "Such circumstances include '[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control

---

[3] Fed. R. App. P. 5(A)(ii).

[4] *United States v. Torres*, 372 F.3d 1159, 1161 n.1 (10th Cir. 2004) (quoting *Bishop v. Corsentino*, 371 F.3d 1203, 1206-07 (10th Cir. 2004)).

[5] *See Bishop*, 371 F.3d at 1206-07 (upholding district court's denial of extension to party who had not "decided yet whether to pursue an appeal").

[6] *Torres*, 372 F.3d at 1162 (quoting *Pioneer Investment Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

of the movant, and [4] whether the movant acted in good faith.'"[7]  Of these factors, "fault in the delay [is] perhaps the most important single factor . . . in determining whether neglect is excusable."[8]

In this case, even assuming that all of the other factors weigh in Defendants favor, it is clearly Defendants' fault for not timely filing the notice of appeal, and this Court cannot find excusable neglect.  Defendants' reason for the delay is unpersuasive as they had complete control over filing of the notice.  Moreover, Defendants' ability to satisfy the judgment is not sufficiently related to their ability to file a notice of appeal to merit a finding of excusable neglect.

It is therefore

ORDERED that Defendants' Motion for Extension of Time to File Notice of Appeal (Docket No. 259) is DENIED.

DATED   September 12, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] *Id.*

[8] *Id.* at 1163 (quotation and citation omitted).